UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PINCAST, LLC

    Plaintiff,

v.

THOR MOTOR COACH,
*a Delaware Corporation*; and
GENERAL RV CENTER, INC.,
a Michigan corporation, d/b/a
GENERAL RV CENTER,

    Defendants.

Case No. 19-11686
Hon. Victoria A. Roberts
Magistrate: Mona K. Majzoub

_____/

**ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT THOR MOTOR COACH'S MOTION TO DISMISS [ECF. NO. 10] AND GRANTING DEFENDANT GENERAL RV CENTER INC.'S MOTION TO DISMISS [ECF. No. 11]**

**I.    BACKGROUND**

This diversity action surrounds a new 2018 Thor Four Winds 35SB class C motorhome ("Motorhome"). Pincast, LLC ("Pincast") sues Thor Motor Coach ("Thor") and General RV Center, Inc. ("General RV").

Pincast bought the Motorhome from General RV on July 3, 2017. Pincast and General RV executed a Purchase Agreement at the time of sale. Thor, the manufacturer of the Motorhome, guaranteed a limited

1

warranty on the chassis. Pincast received and signed documents acknowledging these facts when it purchased the Motorhome.

Soon after, Pincast discovered defects in the chassis portion of the Motorhome. On July 20, 2017, Pincast reported the defects to General RV. Several times, General RV and Thor attempted repairs. Problems persisted.

On July 5, 2018, more than a year after Pincast purchased the Motorhome, Thor wrote Pincast a letter offering a new limited warranty if Pincast relinquished any claims stemming from prior defects or repairs. Pincast rejected this offer. Pincast filed a consumer complaint against Thor under Utah's lemon law on October 1, 2018.

Pincast first filed this action in state court on February 26, 2019, it was removed here.

Pincast sues Thor for: (I) relief under Utah's "lemon law," (II) breach of implied warranty of fitness for a particular purpose, (III) breach of express warranty and breach of contract, and (IV) breach of implied warranty of merchantability. It sues General RV only for Counts II and IV, breach of implied warranties.

Thor and General RV move to dismiss Pincast's claims.

For the following reasons, the Court **GRANTS** General RV's motion to dismiss in its entirety. The Court GRANTS Thor's motion to dismiss in part and **DENIES** it in part.

## II. LEGAL STANDARD

To survive a motion to dismiss, the nonmoving party must allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The facts must be construed in the light most favorable to the nonmoving party. *Power & Tel. Supply Co. v. SunTrust Banks, Inc.* 447 F.3d 923, 929–30 (6th Cir. 2006) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001)). Failure to respond to a motion to dismiss is not fatal to the nonmoving party if the pleadings state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

**Choice of law**

General RV's Purchase Agreement and Thor's Limited Warranty both contain choice of law provisions. Federal courts sitting in diversity apply the choice of law principles of the forum state. *Wallace Hardware Co. v. Abrams*, 223 F.3d 383, 391 (6th Cir. 2000).

The parties do not dispute the choice of law clauses; however, because the laws of different jurisdictions apply to General RV and Thor, and to

Count I and the rest of the claims, the Court sets forth the applicable law for each claim.

### a. General RV's Purchase Agreement

General RV's Purchase Agreement has a choice of forum clause and choice of law clause that gives the Eastern District of Michigan jurisdiction. This selection clause is valid. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 66 (2013). Michigan contract law applies to the dispute between Pincast and General RV. *Michels v. Monaco Coach Corp.*, 298 F. Supp. 2d 642, 645 (E.D. Mich. Dec. 31, 2003), citing *Meridian Mutual Ins. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999).

### b. Thor's Limited Warranty

Thor's Limited Warranty has a choice of law clause. It specifies that Indiana law governs disputes related to alleged breach of warranty. [ECF No. 10-1, PageID.85] Indiana law applies to Counts II, III, and IV against Thor.

### c. Utah Lemon Law

Count I is a statutory claim under Utah's "lemon law." Utah substantive law applies to this claim. However, the language of the choice of law clause includes tort actions and statutory claims related to the Limited Warranty.

While Utah law governs substantive aspects of Count I, Indiana law applies to procedural aspects.

### III. ANALYSIS

The Court addresses the motions separately.

**1. General RV**

Pincast sues General RV for breach of implied warranty of fitness for a particular purpose (Count II) and breach of implied warranty of merchantability (Count IV). General RV says it disclaimed any warranties in its Purchase Agreement, and Pincast has no claim against it.

Pincast did not respond to General RV's motion to dismiss. Thus, it appears that Pincast abandons these claims. The Court can dismiss Pincast's claims against General RV pursuant to F. R. Civ. P 41(b) and E.D. Mich. LR. 41.2 for failure to prosecute.

Additionally, the Court finds that Pincast fails to plausibly state claims upon which relief can be granted against General RV.

General RV sold the Motorhome to Pincast through its sole member and agent, Paul Southam, who signed General RV's Purchase Agreement as part of the transaction.

General RV points out in its brief that the Purchase Agreement contains the whole of the agreement between the parties. The Purchase Agreement states:

> This Purchase Agreement contains the entire understanding between General RV and Purchaser. No one has authority to make any representation beyond this agreement. No other representations or inducements, verbal or written have been made, which are not contained on this document. Purchaser has not relied on anything written into this Purchase Agreement such that nothing else is the basis of the bargain or is enforceable against General RV, even if alleged to be a misrepresentation. By signing below, Purchaser acknowledged that Purchaser has received a copy of this Agreement and that Purchaser has read and understands the terms of this Agreement, including those printed on the reverse side, which include an "As Is" clause, a nonrefundable deposit statement, and a choice of law and forum selection clauses indicating that Michigan law applies to all potential disputes and that all claims must be filed in Michigan. [ECF No. 11-1, PageID.126]

The Purchase Agreement explicitly excludes the use of any other documents to resolve this dispute between General RV and Pincast.

The Purchase Agreement is clear and unambiguous: General RV disclaimed all warranties on the Motorhome. Pincast bought the Motorhome "As Is." The Purchase Agreement says:

> **<u>Exclusion of Warranties, "As Is" Purchase</u>**
> Purchaser understands that there may be written warranties covering this RV, but that these warranties are offered by the manufacturer of the RV, its components and/or its appliances. These warranties have been provided to Purchaser, and Purchaser has read and understands these warranties. Purchaser understands that Dealer offers no warranties, express

or implied, on this RV. **This RV is sold "As Is" by Dealer, and Dealer disclaims all warranties, express or implied, including, but not limited to any implied warranty of merchantability or fitness for a particular purpose.** [*Id.* at PageID.127, Purchase Agreement ¶ 11, bolding in original, capitalization omitted]

The next paragraph is similarly clear:

**<u>Limitation and Disclaimer of Damages; No Refund, "As Is" Purchase</u>**
Except in states that do not allow limitation of damages, the following limitation of damages applies. Dealer disclaims any incidental and/or consequential damages such that Purchaser shall not be entitled to incidental or consequential damages from Dealer. Also, since this is an **"As Is"** purchase as to Dealer, Purchaser cannot rescind nor revoke acceptance of this contract, or the vehicle, or return the vehicle to Dealer. [*Id.* at ¶ 12, bolding in original, capitalization omitted]

Under Michigan law, unambiguous contracts must be enforced as written. *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 30 (Mich. 2005).

Pincast sues for breach of implied warranties, but the Purchase Agreement is very clear: there are no implied warranties. Michigan courts have upheld similar warranty disclaimers. *Davis v. LaFontaine Motors, Inc.*, 719 N.W.2d 890, 894 (Mich. Ct. App. 2006) (upholding a warranty disclaimer by an automobile dealership); *Dolores v. General RV Center, Inc.,* --- F.Supp.3d ----, 2019 WL 2601311 at *3 (E.D. Mich. June 25, 2019) (the court must enforce the contract as written and honor warranty disclaimer).

The Court dismisses Pincast's claims against General RV; they are not plausible in light of General RV's disclaimer of any implied warranties under the Purchase Agreement.

2. **Thor**

Pincast sues Thor on four counts. Count I is a statutory claim under Utah's "lemon law," the New Motor Vehicle Warranties Act ("Lemon Law"). Utah Code Ann. § 13-20-1 *et seq.* (West 1953). Counts II and IV are for breach of implied warranty. Count III is for breach of contract for the express warranty.

Thor argues it is entitled to dismissal because Pincast filed its claims untimely. Thor provided Pincast with a document titled "Thor Motor Coach Limited Warranty" ("Limited Warranty") at purchase. The Limited Warranty includes a statute of limitations of fifteen months for all covered claims. Pincast filed its claim on Feb. 26, 2019; the Motorhome was purchased on July 3, 2017. Thor says that the claims are barred because they were filed after October 3, 2018.

Pincast argues that its claims are timely because: (1) the statute of limitations from the Limited Warranty does not apply to its statutory claim, and (2) the statute of limitations for all breach of warranty claims is tolled.

The Court first examines Pincast's statutory claim.

## A. Pincast states a plausible claim for relief under Utah's Lemon Law

Count I is predicated on the Utah Lemon Law. Thor says that it is effectively a claim based on the Limited Warranty, carries a fifteen-month statute of limitations, and is untimely because it was not filed until after the statute of limitations ran. This is incorrect; the Limited Warranty preserves other potential causes of action which Pincast raises here.

The Limited Warranty states:

> This Limited Warranty gives you specific legal rights. You may also have other rights, which vary from state to state and province to province.

Count I is an independent cause of action and falls under the "other rights" language of the Limited Warranty.

### a. The Utah Lemon Law applies to Pincast's claim

The Lemon Law says that when a manufacturer is unable, after a reasonable number of attempts, to repair "any defect or condition that substantially impairs the use, market value, or safety of the motor vehicle," the manufacturer must either accept the return of the vehicle and refund the purchase price, or replace the defective vehicle with a comparable one. Utah Code Ann. § § 13-20-3; 13-20-4. The definition of "motor vehicle" includes motor homes, specifically the self-propelled vehicle and chassis sold in Utah. *Id.* at § 13-20-2.

The Lemon Law gives consumers one year from the date of delivery or the terms of the express warranty, whichever is shorter, to report defects. *Id.* at § 13-20-3. If the manufacturer has not repaired the vehicle after four attempts, or if the vehicle has been out of service for thirty or more business days during the warranty term or first year after its purchase (whichever is earlier), then the Lemon Law applies. *Id.* at § 13-20-5. The consumer can then file a complaint with the Division of Consumer Protection. *Id.* at § 13-20-6.

Pincast provided receipts from more than four attempts to repair defects in the Motorhome. And, it properly filed a consumer complaint before initiating this action in court. Pincast states sufficient facts to meet the elements of the Lemon Law.

### b. Thor's arguments against the Lemon Law claim are either without merit or waived because they were raised too late

Thor's main argument is that Pincast filed its claims untimely under the fifteen-month statute of limitations from the Limited Warranty. However, the statute of limitations from the Limited Warranty does not apply to Count I because the Lemon Law is a statutory cause of action, not a breach of contract claim.

Pincast makes arguments that either Utah or Indiana statutes of limitations apply to Count I.

The Court examines the agreement between Pincast and Thor in order to apply the correct statute of limitations.

The choice of law clause in the Limited Warranty specifies:

> any and all claims, controversies and causes of action arising out of or relating to this limited warranty, whether sounding [in] contract, tort or statute, shall be governed by the laws of the state of Indiana, including its statute of limitations. . . [ECF No. 10-1, PageID.85]

This choice of law clause explicitly includes statutory claims related to the Limited Warranty. Therefore, although the Lemon Law is a Utah substantive law, Indiana procedural law applies.

Indiana's default statute of limitations is ten years, unless otherwise limited by statute. Ind. Code § 34-11-1-2. Even assuming that the limitation from Indiana's analogous lemon law applies to Count I, the statute of limitations is still two years from the date the purchaser first notifies the manufacturer of a defect in the vehicle. Ind. Code § 24-5-13-23. Therefore, under the most restrictive statute of limitations, Pincast had until July 20, 2019 to file its Lemon Law claim.

Since Pincast filed its claim on February 26, 2019, the statute of limitations does not bar Count I. Consequently, it is unnecessary to address Pincast's tolling arguments for Count I.

Thor's other arguments against the Lemon Law claim are groundless.

Thor contends that the Lemon Law does not require a consumer to file a complaint with the Division of Consumer Protection before filing suit; this is incorrect under the plain language of the statute. The Lemon Law explicitly states "an action [in court] may be commenced by a consumer only after the claim has been investigated and evaluated by the division." *Id.* at § 13-20-6(1). Thor's arguments misinterpret the Lemon Law.

Thor says that Pincast cannot sue under the Lemon Law because it is a limited liability company, and the Lemon Law is limited to "consumers" defined as "individuals." However, Thor raised this argument for the first time in its reply brief. Under Indiana law, the argument is waived because it was raised too late. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002); *Wolotka v. School Town of Munster*, 399 F.Supp.2d 885, 901 (N.D. Ind. Nov. 7, 2005); *Gordon v. Purdue University*, 862 N.E.2d 1244, 1250 (Ind. Ct. App. 2007).

The Court denies Thor's motion as to Count I. Pincast has stated a plausible claim for relief under Utah's Lemon Law.

### B. Pincast's claims under the Limited Warranty are barred by the statute of limitations

Pincast sues for breach of contract and express warranty (Count III), breach of implied warranty of fitness for a particular purpose (Count II), and breach of implied warranty of merchantability (Count IV). Thor says these

claims are barred by the statute of limitations contained in its Limited Warranty. Thor is correct.

### a. The Limited Warranty is a contract between Thor and Pincast

Thor claims that it does not have a contract with Pincast; however, Thor also says that the Limited Warranty is a contract. Pincast's arguments all center on the Limited Warranty as a contract. Setting aside the incoherence of Thor's argument, the Limited Warranty is a contract.

A section titled "This Limited Warranty Covers," outlines how the purchaser accepts the terms of the Limited Warranty:

> When you request and accept the performance of warranty repairs under the terms of this Limited Warranty, you are accepting all terms of this Limited Warranty, including by way of example, warranty limitations and disclaimers, the forum selection clause and the clause reducing the time period when suit must be filed for breach. [ECF No. 10-1 at PageID.82]

The Limited Warranty is a contract between Thor and Pincast. Thor offered repairs, Pincast accepted the contract by bringing the Motorhome in for repairs.

### b. Thor's Limited Warranty

Indiana law applies to the Limited Warranty through the choice of law clause.

> Exclusive jurisdiction for deciding legal disputes relating to alleged breach of warranty . . . rests in the state of manufacture, which is Indiana. Also, this Limited Warranty shall be interpreted

and construed in accordance with the laws of the state of Indiana . . . including its statute of limitations, without giving effect to any conflict of law rule that would result in the application of the laws of a different jurisdiction. [ECF No. 10-1, PageID.85, emphasis omitted]

Ind. Code § 26-1-2-725 governs Counts II, III, and IV. In language that is virtually identical to the Uniform Commercial Code § 2-725, the Indiana law states:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered. Ind. Code § 26-1-2-725(2).

Simply put, a breach of warranty occurs at the time of sale for a warranty that does not extend to future performance. *See* Larry T. Garvin, *Uncertainty and Error in the Law of Sales: The Article Two Statue of Limitations*, 83 BULR 345, 354-65 (2003) (discussing the application of the Uniform Commercial Code's statute of limitations provisions to warranties).

The Limited Warranty does not extend to future performance:

> This Limited Warranty is not a warranty that promises or extends to future performance because the warranty does not make a representation on how your motorhome will perform in the future but instead only represents what the remedy will be if a defect exists. [ECF No. 10-1, PageID.84, capitalization and bolding omitted]

14

Any breach of warranty occurred when Pincast purchased the Motorhome, even if it did not discover the breach until a later date. The parties do not dispute the timing of the alleged breach of warranty. Therefore the statute of limitations for Counts II, III, and IV began to run when Pincast purchased the Motorhome on July 3, 2017.

The Limited Warranty is clear and explicit regarding the statute of limitations. If the Motorhome:

> was purchased, titled, or registered in a business name or used for any commercial or business purposes other than for rental purpose, the Limited Warranty ends ninety (90) days after the first retail owner takes delivery of the motorhome **OR** after the odometer reaches 5,000 miles, whichever occurs first. If the motorhome has been purchased, titled, or registered in a business name or used for any commercial or business purpose, TMC disclaims any implied warranty of merchantability that may arise by operation of law. . . **any action for breach of this ninety (90) day Limited Warranty or any implied warranties or for revocation of acceptance must be commenced not more than fifteen (15) months after the breach.** [ECF No. 10-1, PageID.83-84, emphasis in original]

The statute of limitations for any breach of warranty claim related to the Motorhome is fifteen months; therefore any claims must have been filed on or before October 3, 2018. Pincast filed its breach of warranty claims in state court on February 26, 2019, well after the statute of limitations had run. Counts II, III, and IV are untimely.

### c. Pincast's arguments that its breach of warranty claims are timely fail

Thor says that because Pincast filed its breach of implied warranty and breach of contract claims after the fifteen-month statute of limitations expired, those claims fail.

Pincast makes three arguments in rebuttal: (1) Thor's offer of a new warranty reset the statute of limitations, (2) the Lemon Law tolls the statute of limitations for Counts II, III, and IV, or (3) the Court should equitably toll the statute of limitations.

First, Pincast says that Thor offered a new warranty on July 3, 2017, essentially resetting the clock on the statute of limitations. This argument fails. Thor offered a new three-month "Limited Repair Only Warranty" if Pincast released Thor from liability for any previous defects and repairs. [ECF No. 12-1, PageID.179] Pincast rejected the offer. The terms of a rejected offer are irrelevant.

Next, Pincast says that the statute of limitations for Counts II, III, and IV is tolled from the date it filed a consumer protection complaint with the Division. But Thor is correct—the Lemon Law does not toll the statute of limitations for Counts II, III, and IV.

The Lemon Law specifically says that it does not limit other remedies. Utah Code Ann. § 13-20-6. The official Consumer Complaint Form also

warns that it is not an exclusive remedy: "You may need to consult an attorney to determine what remedies may be available to you and any statute of limitations that may apply to your case." [ECF No. 12-1, PageID.185] Pincast was free to file Counts II, III, and IV while it pursued its consumer protection action in Count I.

Pincast's third and final argument is that its claims should be equitably tolled because it had to wait until its consumer protection claim with the Division was complete to file in court. This argument is based on a misreading of the Lemon Law. The Lemon Law does not prevent consumers from filing other actions related to motor vehicles; it only provides that they cannot file a claim under the Lemon Law until they have exhausted the consumer protection remedies.

Pincast has not stated a claim for relief that is plausible on its face for Counts II, III, and IV. The Court grants Thor's motion to dismiss these causes of action.

## IV. CONCLUSION

The Court **GRANTS** General RV's motion to dismiss in its entirety.

The Court **GRANTS** Thor's motion to dismiss Counts II, III, and IV.

The Court **DENIES** Thor's motion to dismiss Count I, relief under Utah's Lemon Law.

**IT IS ORDERED.**

S/
Victoria A. Roberts
United States District Judge